UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD HART, on behalf of himself and those similarly situated,

Plaintiff(s),

v.

CASE NO. 8:12-cv-00470-JDW-TBM

JPMORGAN CHASE & CO., a Foreign for Profit Corporation,

Defendant.

_______________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant JPMorgan Chase & Co. ("Defendant") hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Because any amendment to the Complaint would be futile, dismissal should be with prejudice.

## I. INTRODUCTION

On March 2, 2012, Plaintiff filed a three-count Complaint against Defendant. Count I is for recovery of overtime compensation under the Fair Labor Standards Act ("FLSA"), Count II is for unjust enrichment, and Count III is for declaratory relief under the Declaratory Judgment Act. *Id.* In his Complaint, Plaintiff alleges that he is a former employee of "JP," an unidentified and undefined alleged "related entity" of Defendant. *Id.* at ¶¶ 1, 14-26. Plaintiff also alleges that he worked for "JP" as an hourly overtime-eligible "collector," that he worked in a "call center setting," and performed some unidentified "collection related

services" from January 19, 2009 through March 5, 2011. *Id.* at ¶¶ 18-26. He seeks to bring his action on behalf of himself and other purportedly "similarly situated" "collectors" who seek "payment for all of the time spent opening and closing multiple computer software applications at the beginning and end of their work shifts *that resulted in [them] working overtime hours* but not being compensated at a rate of no less than time and one half their regular hourly rate. *Id.* at ¶ 32 (emphasis added). On March 16, 2012, Plaintiff filed the opt-in consent form of another former employee, Helga C. Brenes. Dkt # 4. Ms. Brenes is not a named plaintiff in this action. *See generally* Compl.

## II. MEMORANDUM OF LAW

### A. Plaintiff's Entire Complaint Must be Dismissed Because JPMorgan Chase & Co. Did Not Employ Plaintiff.

As a threshold matter, Plaintiff's Complaint fails because the only defendant named in this case, JPMorgan Chase & Co., did not employ Plaintiff or any member of the putative class or collective. Only an "employer" can be held liable for alleged overtime violations under the FLSA. *See* 29 U.S.C. § 207(a) (imposing overtime obligations on "employers" with respect to "employees"); *Paulshock v. Nnovation Learning Group, Inc.*, 2008 WL 89771, at *4 (M.D. Fla. Jan. 7, 2008) (Baker, J.) ("central to liability under the FLSA is a determination of the entity or individuals who actually 'employed' Plaintiff;" holding that plaintiff's claims for wages failed because she did not name the correct entity that actually employed her).

Plaintiff alleges that it was not defendant JPMorgan Chase & Co., but rather "JP" – an unidentified "related entity" of JPMorgan Chase & Co. – which actually employed him

and the other "collectors" who would comprise the putative class and collective. Compl., ¶¶ 14 ("JP is a related entity of JP Morgan Chase & Co."), 18 ("As part of its corporation, JP has a division that performs debt collection services."); 19 ("This division [of JP] employs collections representatives commonly referred to as 'collectors.'"); 20 ("JP's collectors work in several states in the United States."); 21 ("Collectors perform collection related services on behalf of JP."). Moreover, as reflected in public records maintained by the Securities and Exchange Commission, JPMorgan Chase & Co. is merely "a financial holding company." *See* JPMorgan Chase & Co., Form 10-K, Dec. 31, 2010.[1] By contrast, Plaintiff alleges that "JP" "operates in at least 60 countries," "has more than 240,000 employees," and "has more than [$]2.3 trillion in assets." Compl., ¶¶ 15-17. Because JPMorgan Chase & Co. – the only named defendant in the Complaint – did not employ Plaintiff or any other "collectors," the Complaint should be dismissed. *See Paulshock*, 2008 WL 89771 at *4.

**B. <u>The Unjust Enrichment Claim (Count II) is Preempted by the FLSA</u>**

The prevailing view among the federal courts is that a state common law claim based

---

[1] Relevant excerpts of the Form 10-K are attached hereto as Exhibit A. The full Form 10-K document is available at http://edgar.sec.gov/Archives/edgar/data/19617/000095012311019773/y86143e10vk.htm, and the relevant section is found under the headings "Part I, Item 1: Business, Overview." Defendant respectfully requests that the Court take judicial notice of this public SEC record. *See*, *e.g.*, *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("In a motion to dismiss . . . a court may consider the contents of public disclosure documents which are required to be filed with the SEC and are actually so filed."); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999) (SEC disclosure documents "are required by law to be filed with the SEC, and no serious question as to their authenticity can exist" and therefore, "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (citing Fed. R. Evid. 201(b)(2)); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 5070279, at *8 (S.D. Fla. Nov. 25, 2008) ("A court may consider on a motion to dismiss the 'contents of public disclosure documents which are required to be filed with the SEC and are so actually filed,' even if the documents are not attached to the complaint but are attached to the motion to dismiss.").

on the same facts and seeking the same relief as an FLSA claim is preempted by the FLSA.[2] *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (holding that because "the FLSA's enforcement scheme is an exclusive one," state common law claims that merely duplicate FLSA claims are preempted); *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) ("[T]he FLSA is the exclusive remedy for enforcement of rights created under the FLSA . . . [and] the plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim."); *Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011) (dismissing common law claims as preempted and stating that, "[w]hile Plaintiffs' *quantum meruit* claim makes no explicit reference to the FLSA, the claim seeks the value of the regular time and overtime wages. Thus, despite Plaintiffs' characterization of [the claim], they must rely upon the FLSA as the source of their claim because the FLSA establishes minimum wage and overtime requirements." (emphasis in original)); *Kelly v. Borough of Union Beach*, 2011 WL 551170, at *2-3 (D. N.J. Feb. 8, 2011) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts); *Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at **14-16 (N.D. Ill. Oct. 4, 2010) (same); *Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144, at *4 (E.D. Tex. Feb. 5, 2010) (same); *Helm v. Alderwoods Group, Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009)

---

[2] Although some courts have held that the FLSA does not preempt state *statutory* wage law claims, those cases do not apply here where Plaintiff has asserted state *common law* claims that are based on the exact same facts as his FLSA claims. *See Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at *14 (N.D. Ill. Oct. 4, 2010) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts; distinguishing other cases that have held that the FLSA does not preempt state *statutory* wage laws); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (same). Indeed, "that the FLSA preempts state *common law* claims is well-supported by persuasive legal authority." *Farmer*, 2010 WL 3927640 at *15 (emphasis in original).

("[T]he [FLSA] preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay);" dismissing with prejudice unjust enrichment and other common law claims as duplicative of the FLSA claims); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts; distinguishing other cases that have held that the FLSA does not preempt state *statutory* wage laws); *Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (FLSA claims recast as state law claims are preempted); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."); *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D. S.C. 1988) (the FLSA cannot be circumvented by relying on an alternative state law claim where the damages sought are identical to those sought under the FLSA); *Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340 (E.D. Pa. 1976) ("[T]he statutory remedy of [the FLSA] is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA.").[3]

[3] This Court and the Eleventh Circuit have not squarely addressed whether the FLSA preempts state *common law* claims that are based on the same facts as the FLSA claim. Although Judge Kovachevich of this District has previously declined to dismiss an unjust enrichment claim on the basis of FLSA preemption, her analysis cited only one case for the proposition that a Rule 23 opt-out class may coexist with an opt-in FLSA collective action and did not address whether the FLSA preempted a claim based on identical facts. *Scantland v. Jeffry Knight, Inc.*, 2010 WL 4117683, at *4 (M.D. Fla. Sept. 29, 2010) (citing *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006)). In addition, although Judge O'Sullivan of the Southern District declined to find an unjust enrichment claim was preempted by the FLSA, he only cited *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D. Iowa 2008), which merely held that the FLSA did not preempt Iowa's *statutory* wage law. *Vitola v. Paramount Automated Food Servs., Inc.*, 2009 WL 3242011, at *13 (S.D. Fla. Oct. 6, 2009) *see also Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1240 n.15 (11th Cir. 2002) ("[O]nly the decisions of the Supreme Court and [the Eleventh Circuit] are binding on the district courts of this circuit."). As noted above in footnote 2 and the cases cited therein, state *statutory* wage laws are treated differently than state *common laws*

In Count II of his Complaint, Plaintiff alleges no independent basis for his unjust enrichment claims and instead merely reincorporates his factual allegations for his FLSA overtime claim. Compl., ¶¶ 51-56. Furthermore, Plaintiff states that his "unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as his [FLSA] overtime wage claim." Compl., ¶¶ 51-52. As such, Plaintiff's unjust enrichment claims are based on the exact same factual allegations as his FLSA overtime claim – that he and others were not properly compensated for the time they spent "opening and closing multiple computer software applications." *Id.* at ¶¶ 54-56. Moreover, Plaintiff's unjust enrichment claims seek the exact same relief as his FSLA overtime claim – proper overtime compensation for such time spent opening and closing the computer software programs. *Id.* at ¶ 56. As Plaintiff's unjust enrichment claim is merely duplicative of his FLSA claim, it is preempted. *See Bouthner*, 2011 WL 2976868 at *7 (dismissing common law claims as preempted because "despite Plaintiff's characterization of [the common law claims], they must rely upon the FLSA as the source of their claim because the FLSA establishes minimum wage and overtime requirements").

**C. <u>The Claims for Declaratory Relief (Count III) are Moot</u>**

**1. <u>Legal Framework for Mootness Principles and the Relation-Back Doctrine</u>**

The Supreme Court has explained the mootness doctrine in stating that "the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation *continue throughout the entirety of the litigation*," and be present "not merely at the time the

---

for preemption purposes as the FLSA expressly permits states to enact legislation to provide greater protections to employees, whereas common law claims are merely duplicative of FLSA and other claims. *See supra* n.1.

complaint is filed." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (dismissing claims for declaratory relief as moot where plaintiff was no longer subjected to the challenged conduct and had no reasonable expectation that the wrong would be repeated); *Sims v. State of Fla. Dep't of Highway Safety and Motor Vehicles*, 862 F.2d 1449, 1464 n.13 (11th Cir. 1989) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."). Thus, "if the plaintiff is no longer subject to the challenged conduct, the claim is moot." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011) (citing *Armstrong v. Ward*, 529 F.2d 1132, 1135 (2d Cir. 1976) (claims for declaratory and injunctive relief are moot where the plaintiffs are no longer subject to the conditions to which they objected)).

Moreover, it is well-settled in the Eleventh Circuit and other Circuits that the plaintiff's removal from the challenged conduct "moots his individual claim for declaratory and injunctive relief." *See McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (general rule is that a prisoner's release from a jail moots his individual claim for declaratory and injunctive relief). This same principle equally applies in the employment context in which *former* employees' claims for declaratory/injunctive relief against their former employers are moot. *See*, *e.g.*, *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1136 (11th Cir. 1984) (affirming denial of injunctive relief as moot because plaintiff was no longer employed by the defendant and thus "has shown no other way in which he would benefit personally from the relief requested"); *McKinney v. Orange County*, 2007 WL 1113254, at *2 (M.D. Fla. Apr. 13, 2007) (Spaulding, J.) (plaintiff's claim for injunctive relief is moot because she is no longer employed by the defendant); *Cox v. Phelps*, 43 F.3d

1345, 1348 (10th Cir. 1994) ("[Plaintiff's] request for declaratory relief . . . cannot be considered by this court because [her] lack of any present or probable future connection to [her former employer] moots her claim for relief;" "a legitimate termination of employment moots a plaintiff's . . . claim for declaratory relief and/or injunctive relief"); *Hampton v. I.R.S.*, 913 F.2d 180, 182 (5th Cir. 1990) (former employee's claims for equitable and injunctive relief are moot); *Feit v. Ward*, 886 F.2d 848, 857-58 (7th Cir. 1989) (former employee's declaratory claim against defendant was properly dismissed as moot); *Sandidge v. Washington*, 813 F.2d 1025, 1025-26 (9th Cir. 1987) (former employee's claim for declaratory and injunctive relief was moot because it would not provide him any meaningful relief); *Backus v. Baptist Med. Ctr.*, 671 F.2d 1100, 1102-03 (8th Cir. 1982) (claims for declaratory relief are moot where former employee had "voluntarily removed himself from the impact of the challenged practice by discontinuing his employment").

Furthermore, when a claim is asserted on a purported class basis, the mootness of the named plaintiff's claim for declaratory relief also requires the dismissal of the same claim asserted on behalf of the uncertified class. *McKinnon*, 745 F.2d at 1363 (mootness of the named plaintiff's declaratory/injunctive claims also justifies dismissal of these claims as to the unnamed plaintiffs). The Eleventh Circuit has explained this general rule:

> [A] lawsuit brought as a class action must present justiciable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness.

*Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1046 (11th Cir. 1981). This is because "the class benefitted by the injunction [or declaration] must include the plaintiff." *Carmichael*, 738 F.2d at 1136.

The relation-back doctrine is a limited exception to the mootness doctrine under which a court may preserve a named plaintiff's otherwise mooted claim for class certification purposes. Although the relation-back doctrine may apply where the named plaintiff's individual claims "*become* moot before the district court has a reasonable opportunity to certify a class," it only applies in a "narrow class of cases" where all of the following four conditions are met: (1) the named plaintiff had a live controversy at the time he filed his complaint; (2) there was an "intervening mootness" of the named plaintiff's individual claim before the court could rule on the named plaintiff's pending class certification motion; (3) the challenged conduct is inherently transitory and too short in duration that it would likely always end before a court could rule on a pending motion for class certification, and is thus "likely to evade review, no matter who prosecutes [the claim];" and (4) there is "a demonstrated probability that the same controversy will recur, involving the same complaining party," *i.e.*, the claim is capable of repetition by the same named plaintiff. *See Sosna*, 419 U.S. at 402 ("[t]here must . . . be a named plaintiff who has such a case or controversy *at the time the complaint is filed*" (emphasis added)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120-21 (11th Cir. 1995) ("capable of repetition, yet evading review" exception to mootness doctrine applies in a "narrow category of disputes" and requires a "demonstrated probability that the same controversy will recur involving the same complaining party" and that the "challenged action was in its duration too short to be fully litigated prior to its cessation"); *Zeidman*, 651 F.2d at 1047 (relation-back doctrine may apply where the named plaintiff's individual claims "*become* moot before the district court has a reasonable opportunity to certify a class," and, where applicable, allows the court "an

opportunity to rule on a *pending* motion for class certification, despite the *intervening* mootness of the named plaintiffs' individual claims" (emphasis added)); *Amador*, 655 F.3d at 100-01 (relation-back doctrine may apply in a "narrow class of cases" involving claims that are "likely to evade review, no matter who prosecutes them" and that may become moot before a court rules on a pending motion for class certification).

The applicable legal framework can be summarized as follows:

- Article III standing and mootness principles require the plaintiff's claim to be live at the time he files his Complaint and generally require the claim to continue to be live throughout all stages of the litigation. *Sosna*, 419 U.S. at 402; *Preiser*, 522 U.S. at 401; *Sims*, 862 F.2d at 1464 n.13.

- A plaintiff's claim for declaratory relief ceases to be live and is mooted when he is "no longer subject to the challenged conduct," such as when an employee's employment ends. *Amador*, 655 F.3d at 100; *Carmichael*, 738 F.2d at 1136; *Cox*, 43 F.3d at 1348; *Hampton*, 913 F.2d at 182; *Feit*, 886 F.2d at 857-58; *Sandidge*, 813 F.2d at 1025-26; *Backus*, 671 F.2d at 1102-03; *McKinney*, 2007 WL 1113254 at *2.

- Generally, if a plaintiff's claim becomes moot during the course of litigation, his claim must be dismissed. *Sosna*, 419 U.S. at 399; *Zeidman*, 651 F.2d at 1046; *McKinney*, 2007 WL 1113254 at *2.

- If the plaintiff' claim becomes moot while he is serving as the named plaintiff of an uncertified class action, the same claims of the unnamed plaintiffs must generally also be dismissed. *McKinnon*, 745 F.2d at 1363; *Carmichael*, 738 F.2d at 1136; *Zeidman*, 651 F.2d at 1046.

- The relation-back doctrine will prevent dismissal of the named plaintiff's otherwise mooted claim – and therefore allow him to assert the same claims on behalf of the purported class – only if:
    (1) his claim was live at the time he filed his Complaint;
    (2) his claim was mooted *during the pendency* of a motion for class certification;
    (3) the claim was mooted because it is so inherently transitory that it would evade review no matter who prosecuted it; and
    (4) there is a demonstrated probability that the same controversy will recur involving the same named plaintiff. *Sosna*, 419 U.S. at 402; *Brooks*, 59 F.3d 1120-21; *Zeidman*, 651 F.2d at 1045-48; *Amador*, 655 F.3d at 100-01.

**2. Plaintiff's Claim for Declaratory Relief was Moot at the Time he Filed his Complaint and therefore all Claims for Declaratory Relief Should be Dismissed**

In this case, Plaintiff was a *former* employee at the time he filed the Complaint. Compl., ¶¶ 1, 26. Because Plaintiff was not subjected to any of the challenged conduct alleged in the Complaint at any time during this lawsuit, his claim for declaratory relief is moot. *Sosna*, 419 U.S. at 402; *Preiser*, 422 U.S. at 401; *Sims*, 862 F.2d at 1464 n.13; *Carmichael*, 738 F.2d at 1136; *Cox*, 43 F.3d at 1348; *Hampton*, 913 F.2d at 182; *Feit*, 886 F.2d at 857-58; *Sandidge*, 813 F.2d at 1025-26; *Backus*, 671 F.2d at 1102-03; *McKinney*, 2007 WL 1113254 at *2.

Furthermore, because Plaintiff is the only *named* plaintiff and this case has not been conditionally certified as a collective action – nor is any motion for conditional certification pending – the mootness of his personal claim for declaratory relief requires the dismissal of such claims of the purported class members who are not named plaintiffs. *McKinnon*, 745 F.2d at 1363; *Zeidman*, 651 F.2d at 1046; *Carmichael*, 738 F.2d at 1136.

The relation-back doctrine does not apply here as none of the four required conditions are met. First, Plaintiff – the only named plaintiff in this case – never had a live case or controversy regarding his declaratory claim *at the time he filed his Complaint* or at any point during this case because his employment ended over a year *before* he filed his Complaint. Compl., ¶¶ 1, 26. Thus, even if the relation-back doctrine were theoretically applicable – which it is not – there would no viable point to which the court could even relate the class claims back. Second, there is no pending motion for collective/class certification and any such potential motion in the future would be filed *after* Plaintiff's claims were already moot.

Thus, because Plaintiff's claim for declaratory relief was moot from the inception of this lawsuit, there can be no "*intervening* mootness" of this claim during the pendency of any potential motion for conditional/class certification in the future. *See Zeidman*, 651 F.2d at 1047. Third, employment claims for declaratory relief are not so inherently transitory that they are "likely to evade review, no matter who prosecutes them" as any *current* employee could assert such claims if he or she so desired.[4] Finally, because Plaintiff's employment with Defendant ended over a year ago, there is no probability that the same "controversy" involving Plaintiff will recur.[5] Compl., ¶¶ 1, 26.

In sum, because Plaintiff's claim for declaratory relief has always been moot and the relation-back doctrine does not apply, it should be dismissed.

### D. Plaintiff Fails to State a Claim for Declaratory Relief

To properly plead a claim for declaratory judgment: (1) there must be a bona fide dispute between the parties; (2) the plaintiff must have a *justiciable* question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may

[4] To the extent Plaintiff contends that employers could simply purposely moot current employees' claims by firing them during the litigation, that contention is meritless as employers are prohibited from retaliating against employees for asserting FLSA claims. *See* 29 U.S.C. § 215(a)(3). Moreover, an employee's voluntary decision to terminate his own employment does not convert a claim capable of review into one that is so inherently transitory that it would evade review no matter who asserted it. *See Brooks*, 59 F.3d at 1120-21 (holding that the issues in the case were not inherently of a short duration and that they evaded review only because of voluntary acts of both parties; merely being "*theoretically* capable of repetition" is insufficient for an exception to the mootness doctrine (emphasis in original)).

[5] To the extent Plaintiff contends that he could possibly reapply and successfully obtain reemployment with Defendant, such a theoretical – and **extremely** unlikely – possibility is insufficient. *See Brooks*, 59 F.3d at 1120 ("a controversy is not capable of repetition if there is only a mere physical or theoretical possibility of recurrence"); *Feit*, 886 F.2d at 858 (former employee's possibility of reemployment in the future is merely "pure speculation" and "too remote to bring his claims for declaratory and injunctive relief within the 'capable of repetition, yet evading review' exception to the standing doctrine"); *Young v. Walker*, 435 F. Supp. 1089, 1093 (M.D. Fla. 1977) (no exception to mootness doctrine because it was "highly improbable" and "unlikely" that the plaintiff employee would be reemployed).

depend; (3) the plaintiff must be in doubt as to the right, status, immunity, power or privilege; and (4) the plaintiff must have a *bona fide, actual, present need* for the declaration. *Norring v. Private Escapes, LLC*, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010). Moreover, "when seeking injunctive and declaratory relief, a plaintiff must establish that he is in immediate danger of sustaining some direct injury." *Feit*, 886 F.2d at 857. In this case, Plaintiff cannot meet these requirements because he is a *former* employee and his claim is moot. Therefore, Plaintiff cannot demonstrate that his claim for declaratory relief is "justiciable" or that he has a "present need" for the relief as he is in no "immediate danger of sustaining some direct injury."

## III. CONCLUSION

Plaintiff's Complaint fails to plead sufficient facts demonstrating that he is plausibly entitled to any relief from Defendant as Defendant was not his "employer," his unjust enrichment claim is preempted by the FLSA, and his claim for declaratory relief is moot and fails to state a claim. Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice as any amendment would be futile.

Dated this 17th day of April, 2012.

/s/ Mark E. Zelek
Mark E. Zelek
Florida Bar No. 667773
*Email: mzelek@morganlewis.com*
Derek J. Dilberian
Florida Bar No. 36985
*Email: ddilberian@morganlewis.com*
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
5300 Southeast Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305.415.3303
Facsimile: 877.432.9652 (toll free)

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Carlos V. Leach, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, 14th Floor, P.O. Box 4979, Orlando, FL 32802-4979, this 17th day of April, 2012.

/s/ Mark E. Zelek
Mark E. Zelek