UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD HART, on behalf of himself and those
similarly situated,

                 Plaintiff(s),                             CASE NO. 8:12-cv-00470-JDW-TBM

v.

JPMORGAN CHASE BANK, N.A., a Foreign for
Profit Corporation,

                 Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

       Defendant JPMorgan Chase Bank, N.A. ("Defendant") hereby moves the Court to

dismiss the class and collective action allegations and Counts II and III of Plaintiff's

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim upon which relief can be granted.[1]

I.      **INTRODUCTION**

       On May 15, 2012, Plaintiff filed a three-count Amended Complaint[2] against

Defendant.  Dkt # 19.  Count I is for recovery of overtime compensation under the Fair Labor

Standards Act ("FLSA"), Count II is for unjust enrichment, and Count III is for declaratory

relief under the Declaratory Judgment Act.  *Id.*  In his Amended Complaint, Plaintiff alleges

---

[1] A partial motion to dismiss extends the time to answer the complaint until after the court renders its decision on the motion.  *See Beaulieu v. Bd. of Trustees of Univ. of West Fla.*, No. 3:07cv30/RV/EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (noting that "[t]he majority of courts . . . have concluded that a party need not file an answer while a partial motion to dismiss is pending," and citing similar cases).
[2] Plaintiff's Amended Complaint will hereafter be cited as "Compl."

that he is a former employee of Defendant.  *Id.* at ¶¶ 1, 26.  Plaintiff also alleges that he

worked as an hourly overtime-eligible "collector," that he worked in a "call center setting,"

and performed some unidentified "collection related services" from January 19, 2009 through

March 5, 2011.  *Id.* at ¶¶ 18-26.  He seeks to bring his action on behalf of himself and other

purportedly "similarly situated" "collectors" who seek "payment for all of the time spent

opening and closing multiple computer software applications at the beginning and end of

their work shifts that resulted in [them] working overtime hours but not being compensated at

a rate of no less than time and one half their regular hourly rate.  *Id.* at ¶ 32.  On March 16,

2012, Plaintiff filed the opt-in consent form of another former employee, Helga C. Brenes.

Dkt # 4.  Ms. Brenes is not a named plaintiff in this action.  *See generally* Compl.

## II.     MEMORANDUM OF LAW

### A.     Plaintiffs' Conclusory FLSA Collective Action Allegations Should Be Dismissed.

To sufficiently plead a collective action, there must be some facts pled to give rise to

a plausible claim that Plaintiffs and the putative class members are similarly situated.

*Pickering v. Lorillard Tobacco Co., Inc.*, 2011 WL 111730, at *3 (M.D. Ala. Jan. 13, 2011)

(dismissing collective action component of plaintiff's complaint because it "contains no

factual basis by which to assess whether Plaintiff and the other employees are similarly

situated.  In the absence of any detail, Plaintiff has not sufficiently alleged an action on

behalf of others similarly situated."); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 630

(S.D.N.Y. 2007) (dismissing putative collective action because plaintiff "has not offered

[defendant] sufficient notice of this aspect of his claim, or a factual basis from which the

Court can determine whether similarly situated plaintiffs do exist").

In this case, Plaintiff fails to plead sufficient facts to demonstrate that he is plausibly similarly situated to the class and collective he seeks to represent.  Rather than allege facts demonstrating that he is similarly situated to others, Plaintiff merely alleges in conclusory fashion that he and the purported class members "were subjected to the same pay provisions in that they were required to open and close multiple computer software applications at the beginning and end of their shifts resulting in working over forty (40) hours in a work week without being paid at a rate of at least time and one half their regular hourly rate of pay for these hours."  Compl., ¶ 40.  Moreover, Plaintiff conclusorily alleges that he and purported class members "performed the same or similar job duties" based solely on his vague allegation that they provided some unspecified and unidentified "collection service duties." Compl., ¶ 39.  Such allegations fail to demonstrate that Plaintiff is plausibly similarly situated to others.  Finally, Plaintiff fails to identify or allege any facts to support a plausible finding that he and others were subjected to a common policy or practice that violated the law, and instead conclusorily alleges – without alleging the crucial "why" – that "[a]pplication of this [unidentified] policy does not depend on the personal circumstances of Plaintiff or those joining this lawsuit."  Compl., ¶ 42.  *See Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997) (dismissing plaintiffs' class action complaint for failing to comply with Rule 8 where "the complaint is rife with broad, vague, and conclusory statements that a 'pattern and practice' of discrimination exists," and finding that "[m]ore is required than the plaintiffs' general 'across the board' assertion that defendants have a pattern and practice of discrimination."); *Mell v. GNC Corp.*, 2010 WL 4668966, at *7 (W.D. Pa. Nov. 9, 2010) (dismissing FLSA off-the-clock claim where the complaint merely alleged

that the defendant "had a policy or practice of requiring or allowing Plaintiffs and other members of the putative class to work 'off-the-clock' during lunch periods, scheduled overtime, and 'additional hours or shifts'" because the plaintiffs "failed to provide any factual allegations to support this claim." (emphasis in original)).  One federal court has held that a plaintiff's collective action allegations failed to meet the *Twombly* standard where he merely conclusorily alleged that his and others' terminations were "part of a systematic pattern and practice of terminating older employees" and that "[e]ach of the victims of [Defendant's] age discrimination . . . is similarly situated to the others, and Hodczak is similarly situated to all of them."  *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *2 (W.D. Pa. Mar. 31, 2009).  The *Hodczak* court further explained the dismissal of the collective action claims:

> These allegations . . . are devoid of any <u>facts</u> which would support a collective action or which suggest that other class members even exist.  Rather, plaintiffs merely <u>conclude</u> that plaintiffs' firings are part of a systematic pattern and practice of terminating older employees without offering any basis whatsoever that would 'raise a reasonable expectation that discovery will reveal evidence of' such a pattern and practice or evidence that a class of similarly situated employees who have been victims of the same policy or plan exist.  It therefore appears that plaintiffs' collective action claims are purely speculative and insufficient to state a claim under *Twombly*.

*Id.* (emphasis added) (quoting *Twombly*, 550 U.S. at 570).  Because Plaintiff has failed to plead sufficient facts in Paragraphs 2, 32-34, 37-44, 47, 49-52, 56-60, 69, 70, 74, and 78 of the Complaint to assert collective claims, those claims should be dismissed.

**B.       The Unjust Enrichment Claim (Count II) is Preempted by the FLSA.**

The prevailing view among the federal courts is that a state common law claim based

on the same facts and seeking the same relief as an FLSA claim is preempted by the FLSA.[3]

*See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (holding that because "the FLSA's enforcement scheme is an exclusive one," state common law claims that merely duplicate FLSA claims are preempted); *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) ("[T]he FLSA is the exclusive remedy for enforcement of rights created under the FLSA . . . [and] the plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim."); *Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011) (dismissing common law claims as preempted and stating that, "[w]hile Plaintiffs' quantum meruit claim makes no explicit reference to the FLSA, the claim seeks the value of the regular time and overtime wages.  Thus, despite Plaintiffs' characterization of [the claim], they must rely upon the FLSA as the source of their claim because the FLSA establishes minimum wage and overtime requirements."); *Kelly v. Borough of Union Beach*, 2011 WL 551170, at *2-3 (D. N.J. Feb. 8, 2011) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts); *Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at **14-16 (N.D. Ill. Oct. 4, 2010) (same); *Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144, at *4 (E.D. Tex. Feb. 5, 2010) (same); *Helm v. Alderwoods Group, Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) ("[T]he [FLSA] preempts

---

[3] Although some courts have held that the FLSA does not preempt state *statutory* wage law claims, those cases do not apply here where Plaintiff has asserted state *common law* claims that are based on the exact same facts as his FLSA claims.  *See Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at *14 (N.D. Ill. Oct. 4, 2010) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts; distinguishing other cases that have held that the FLSA does not preempt state *statutory* wage laws); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (same).  Indeed, "that the FLSA preempts state *common law* claims is well-supported by persuasive legal authority."  *Farmer*, 2010 WL 3927640 at *15 (emphasis in original).

common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay);" dismissing with prejudice unjust enrichment and other common law claims as duplicative of the FLSA claims); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (dismissing state common law claims – including unjust enrichment – as preempted by the FLSA where they were based on the same facts; distinguishing other cases that have held that the FLSA does not preempt state *statutory* wage laws); *Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (FLSA claims recast as state law claims are preempted); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."); *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D. S.C. 1988) (the FLSA cannot be circumvented by relying on an alternative state law claim where the damages sought are identical to those sought under the FLSA); *Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340 (E.D. Pa. 1976) ("[T]he statutory remedy of [the FLSA] is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA.").[4]

---

[4] The Eleventh Circuit and courts in the Middle District have not squarely addressed whether the FLSA preempts equitable state *common law* claims that are based on the same facts as the FLSA claim. Although Judge Kovachevich of this District has previously declined to dismiss an unjust enrichment claim on the basis of FLSA preemption, her analysis cited only one case for the proposition that a Rule 23 opt-out class may coexist with an opt-in FLSA collective action and did not address whether the FLSA preempted a claim based on identical facts. *Scantland v. Jeffry Knight, Inc.*, 2010 WL 4117683, at *4 (M.D. Fla. Sept. 29, 2010) (citing *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006)). In addition, although Judge O'Sullivan of the Southern District declined to find an unjust enrichment claim was preempted by the FLSA, he only cited *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D. Iowa 2008), which merely held that the FLSA did not preempt Iowa's *statutory* wage law. *Vitola v. Paramount Automated Food Servs., Inc.*, 2009 WL 3242011, at *13 (S.D. Fla. Oct. 6, 2009) *see also Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1240 n.15 (11th Cir. 2002) ("[O]nly the decisions of the Supreme Court and [the Eleventh Circuit] are binding on the district courts of this circuit."). As noted above in footnote 2 and the cases cited therein, state *statutory* wage laws are treated

Whether Plaintiff's vague unjust enrichment claim in Count II of his Complaint is for the recovery of overtime hours, non-overtime hours, or both, Plaintiff's claim is preempted by the FLSA. *See Bouthner*, 2011 WL 2976868 at *7 (dismissing common law claims as preempted and stating that, "[w]hile Plaintiffs' quantum meruit claim makes no explicit reference to the FLSA, the claim seeks the value of the *regular time* and overtime wages. Thus, despite Plaintiffs' characterization of [the claim], they must rely upon the FLSA as the source of their claim because the FLSA establishes minimum wage and overtime requirements." (emphasis added)); *Coberly v. Christus Health*, No. 3:10-cv-1213, 2011 WL 5331671, at *4 (N.D. Tec. Nov. 3, 2011) ("Although [plaintiff] attempts to distinguish his contract claim by asserting that he is seeking the compensation as promised in the November 2009 letter offer, the only damages alleged in his Complaint are those for unpaid minimum and overtime wages. Moreover, [plaintiff's] Prayer for Relief is similar to and appears to track the language in section 216(b) of the FLSA. Accordingly, the court determines that [plaintiff's] breach of contract claim is preempted, and Defendant is entitled to summary judgment as to [plaintiff's] contract claim.").

Plaintiff alleges no independent basis for his unjust enrichment claims and instead merely reincorporates his factual allegations for his FLSA overtime claim. Compl., ¶¶ 54-60. Furthermore, Plaintiff states that his "unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as his [FLSA] overtime wage claim." *Id.* at ¶¶ 55. As such, Plaintiff's unjust enrichment claims are based on the

---

differently than state *common laws* for preemption purposes as the FLSA expressly permits states to enact legislation to provide greater protections to employees, whereas common law claims are merely duplicative of FLSA and other claims. *See supra* n.1.

exact same factual allegations as his FLSA claim – that he and others were not properly compensated for the time they spent "opening and closing multiple computer software applications."  *Id.* at ¶¶ 56-60.  Moreover, Plaintiff's unjust enrichment claims seek the exact same relief that the FSLA provides, *i.e.*, proper overtime compensation.  *Id.* at ¶ 60. Therefore, to the extent Plaintiff's unjust enrichment claim seeks recovery of overtime wages, it is merely duplicative of his FLSA overtime claim and thus preempted.

      **C.**        **The Claims for Declaratory Relief (Count III) are Moot.**

            **1.**        **Legal Framework for Mootness Principles and the Relation-Back Doctrine.**

The Supreme Court has explained the mootness doctrine in stating that "the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation *continue throughout the entirety of the litigation*," and be present "not merely at the time the complaint is filed."  *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (dismissing claims for declaratory relief as moot where plaintiff was no longer subjected to the challenged conduct and had no reasonable expectation that the wrong would be repeated); *Sims v. State of Fla. Dep't of Highway Safety and Motor Vehicles*, 862 F.2d 1449, 1464 n.13 (11th Cir. 1989) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").  Thus, "if the plaintiff is no longer subject to the challenged conduct, the claim is moot." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011) (citing *Armstrong v. Ward*, 529 F.2d 1132, 1135 (2d Cir. 1976) (claims for declaratory and injunctive relief are moot where the plaintiffs are no longer subject to the conditions to which they objected)).

Moreover, it is well-settled in the Eleventh Circuit and other Circuits that the

plaintiff's removal from the challenged conduct "moots his individual claim for declaratory and injunctive relief."  *See McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (general rule is that a prisoner's release from a jail moots his individual claim for declaratory and injunctive relief).  This same principle equally applies in the employment context in which *former* employees' claims for declaratory/injunctive relief against their former employers are moot.  *See, e.g., Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1136 (11th Cir. 1984) (affirming denial of injunctive relief as moot because plaintiff was no longer employed by the defendant and thus "has shown no other way in which he would benefit personally from the relief requested"); *McKinney v. Orange County*, 2007 WL 1113254, at *2 (M.D. Fla. Apr. 13, 2007) (Spaulding, J.) (plaintiff's claim for injunctive relief is moot because she is no longer employed by the defendant); *Cox v. Phelps*, 43 F.3d 1345, 1348 (10th Cir. 1994) ("[Plaintiff's] request for declaratory relief . . . cannot be considered by this court because [her] lack of any present or probable future connection to [her former employer] moots her claim for relief;" "a legitimate termination of employment moots a plaintiff's . . . claim for declaratory relief and/or injunctive relief"); *Hampton v. I.R.S.*, 913 F.2d 180, 182 (5th Cir. 1990) (former employee's claims for equitable and injunctive relief are moot); *Feit v. Ward*, 886 F.2d 848, 857-58 (7th Cir. 1989) (former employee's declaratory claim against defendant was properly dismissed as moot); *Sandidge v. Washington*, 813 F.2d 1025, 1025-26 (9th Cir. 1987) (former employee's claim for declaratory and injunctive relief was moot because it would not provide him any meaningful relief); *Backus v. Baptist Med. Ctr.*, 671 F.2d 1100, 1102-03 (8th Cir. 1982) (claims for declaratory relief are moot where former employee had "voluntarily removed himself from

the impact of the challenged practice by discontinuing his employment").

Furthermore, when a claim is asserted on a purported class basis, the mootness of the named plaintiff's claim for declaratory relief also requires the dismissal of the same claim asserted on behalf of the uncertified class. *McKinnon*, 745 F.2d at 1363 (mootness of the named plaintiff's declaratory/injunctive claims also justifies dismissal of these claims as to the unnamed plaintiffs). The Eleventh Circuit has explained this general rule:

> [A] lawsuit brought as a class action must present justiciable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness.

*Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1046 (11th Cir. 1981). This is because "the class benefitted by the injunction [or declaration] must include the [named] plaintiff." *Carmichael*, 738 F.2d at 1136.

The relation-back doctrine is a limited exception to the mootness doctrine under which a court may preserve a named plaintiff's otherwise mooted claim for class certification purposes. Although the relation-back doctrine may apply where the named plaintiff's individual claims "*become* moot before the district court has a reasonable opportunity to certify a class," it only applies in a "narrow class of cases" where all of the following four conditions are met: (1) the named plaintiff had a live controversy at the time he filed his complaint; (2) there was an "intervening mootness" of the named plaintiff's individual claim before the court could rule on the named plaintiff's pending class certification motion; (3) the challenged conduct is inherently transitory and too short in duration that it would likely always end before a court could rule on a pending motion for class certification, and is thus "likely to evade review, no matter who prosecutes [the claim];" and (4) there is "a

demonstrated probability that the same controversy will recur, involving the same complaining party," *i.e.*, the claim is capable of repetition by the same named plaintiff. *See Sosna*, 419 U.S. at 402 ("[t]here must . . . be a named plaintiff who has such a case or controversy *at the time the complaint is filed*" (emphasis added)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120-21 (11th Cir. 1995) ("capable of repetition, yet evading review" exception to mootness doctrine applies in a "narrow category of disputes" and requires a "demonstrated probability that the same controversy will recur involving the same complaining party" and that the "challenged action was in its duration too short to be fully litigated prior to its cessation"); *Zeidman*, 651 F.2d at 1047 (relation-back doctrine may apply where the named plaintiff's individual claims "*become* moot before the district court has a reasonable opportunity to certify a class," and, where applicable, allows the court "an opportunity to rule on a *pending* motion for class certification, despite the *intervening* mootness of the named plaintiffs' individual claims" (emphasis added)); *Amador*, 655 F.3d at 100-01 (relation-back doctrine may apply in a "narrow class of cases" involving claims that are "likely to evade review, no matter who prosecutes them" and that may become moot before a court rules on a pending motion for class certification).

The applicable legal framework can be summarized as follows:

- Article III standing and mootness principles require the plaintiff's claim to be live at the time he files his Complaint and generally require the claim to continue to be live throughout all stages of the litigation. *Sosna*, 419 U.S. at 402; *Preiser*, 522 U.S. at 401; *Sims*, 862 F.2d at 1464 n.13.

- A plaintiff's claim for declaratory relief ceases to be live and is mooted when he is "no longer subject to the challenged conduct," such as when an employee's employment ends. *Amador*, 655 F.3d at 100; *Carmichael*, 738 F.2d at 1136; *Cox*, 43 F.3d at 1348; *Hampton*, 913 F.2d at 182; *Feit*, 886 F.2d at 857-58; *Sandidge*, 813 F.2d at 1025-26; *Backus*, 671 F.2d at 1102-03; *McKinney*, 2007 WL 1113254 at *2.

- Generally, if a plaintiff's claim becomes moot during the course of litigation, his claim must be dismissed. *Sosna*, 419 U.S. at 399; *Zeidman*, 651 F.2d at 1046; *McKinney*, 2007 WL 1113254 at *2.

- If the plaintiff's claim becomes moot while he is serving as the named plaintiff of an uncertified class action, the same claims of the unnamed plaintiffs must generally also be dismissed. *McKinnon*, 745 F.2d at 1363; *Carmichael*, 738 F.2d at 1136; *Zeidman*, 651 F.2d at 1046.

- The relation-back doctrine will prevent dismissal of the named plaintiff's otherwise mooted claim – and therefore allow him to assert the same claims on behalf of the purported class – only if:
  (1) his claim was live at the time he filed his Complaint;
  (2) his claim was mooted *during the pendency* of a motion for class certification;
  (3) the claim was mooted because it is so inherently transitory that it would evade review no matter who prosecuted it; and
  (4) there is a demonstrated probability that the same controversy will recur involving the same named plaintiff. *Sosna*, 419 U.S. at 402; *Brooks*, 59 F.3d 1120-21; *Zeidman*, 651 F.2d at 1045-48; *Amador*, 655 F.3d at 100-01.

**2.    Plaintiff's Claim for Declaratory Relief was Moot at the Time he Filed his Complaint and therefore all Claims for Declaratory Relief Should be Dismissed.**

In this case, Plaintiff was a *former* employee at the time he filed the Complaint.

Compl., ¶¶ 1, 26.  Because Plaintiff was not subjected to any of the challenged conduct

alleged in the Complaint at any time during this lawsuit, his claim for declaratory relief is

moot. *Sosna*, 419 U.S. at 402; *Preiser*, 422 U.S. at 401; *Sims*, 862 F.2d at 1464 n.13;

*Carmichael*, 738 F.2d at 1136; *Cox*, 43 F.3d at 1348; *Hampton*, 913 F.2d at 182; *Feit*, 886

F.2d at 857-58; *Sandidge*, 813 F.2d at 1025-26; *Backus*, 671 F.2d at 1102-03; *McKinney*,

2007 WL 1113254 at *2.[5]

Furthermore, because Plaintiff is the only *named* plaintiff and this case has not been conditionally certified as a collective action – nor is any motion for conditional certification pending – the mootness of his personal claim for declaratory relief requires the dismissal of such claims of the purported class members who are not named plaintiffs.  *McKinnon*, 745 F.2d at 1363; *Zeidman*, 651 F.2d at 1046; *Carmichael*, 738 F.2d at 1136.

The relation-back doctrine does not apply here as none of the four required conditions are met.  First, Plaintiff – the only named plaintiff in this case – never had a live case or controversy regarding his declaratory claim *at the time he filed his Complaint* or at any point during this case because his employment ended over a year *before* he filed his Complaint.  Compl., ¶¶ 1, 26.  Thus, even if the relation-back doctrine were theoretically applicable – which it is not – there would no viable point in this lawsuit to which the court could even relate the class claims back.  Second, there is no pending motion for collective/class certification and any such potential motion in the future would be filed *after* Plaintiff's claims were already moot.  Thus, because Plaintiff's claim for declaratory relief was moot

---

[5] Although Plaintiff may cite Judge Moody's opinions in *Snyder v. Glen Lakes P'ship, Ltd.*, no. 8:11-cv-845 (M.D. Fla. July 19, 2011), and *McAllister v. Southwest Signal, Inc.*, No. 8:10-cv-2742 (M.D. Fla. Jan. 24, 2011), to contend that declaratory claims may be brought by former employees, these opinions should not be followed here.  First, the page-and-a-half long *McAllister* opinion cites no authority and contains no analysis whatsoever, addresses only whether a claim for declaratory relief should be dismissed as *duplicative of an FLSA claim*, and does not address whether a former employee may assert such a claim.  *Snyder* similarly contains no analysis or authority whatsoever in holding that plaintiff – a former employee – could *assert* a declaratory relief claim because he sought to represent a collective.  However, it does caution that the plaintiff is unlikely to *prevail* given "the absence of a present or future connection to the defendant employer."  Moreover, neither *Snyder* nor *McAllister* addresses the binding Supreme Court and Eleventh Circuit precedent on mootness in *Sosna*, *Sims*, *McKinnon*, and *Carmichael*, or Judge Spaulding's persuasive decision in *McKinney*.  The only cases cited in *Snyder* are the irrelevant *McAllister* decision, an inapposite decision in *Puleo v. SMG Prp. Mgmt.*, 2008 WL 3889727 (M.D. Fla. Aug. 20, 2008), addressing only whether the "nature or circumstances of the request for declaratory judgment" was "discern[able]," and the non-binding decision in *Salazar-Martinez v. Fowler Bros., Inc.*, 2011 WL 915675 (W.D.N.Y. Mar. 15, 2011), that is contrary to the holdings of a majority of federal courts that former employees may not assert claims for declaratory relief.

from the inception of this lawsuit, there can be no "*intervening* mootness" of this claim

during the pendency of any potential motion for conditional/class certification in the future.

*See Zeidman*, 651 F.2d at 1047.  Third, employment claims for declaratory relief are not so

inherently transitory that they are "likely to evade review, no matter who prosecutes them" as

any *current* employee could assert such claims if he or she so desired.[6]  Finally, because

Plaintiff's employment with Defendant ended over a year ago, there is no probability that the

same "controversy" involving Plaintiff will recur.[7]  Compl., ¶¶ 1, 26.

In sum, because Plaintiff's claim for declaratory relief has always been moot and the

relation-back doctrine does not apply, it should be dismissed.

### D.    Plaintiff Fails to State a Claim for Declaratory Relief.

To properly plead a claim for declaratory judgment:  (1) there must be a bona fide

dispute between the parties; (2) the plaintiff must have a *justiciable* question as to the

existence or non-existence of some right, status, immunity, power or privilege, or as to some

fact upon which the existence of such right, status, immunity, power or privilege does or may

depend; (3) the plaintiff must be in doubt as to the right, status, immunity, power or

---

[6] To the extent Plaintiff contends that employers could purposely moot current employees' claims by firing them during the litigation, that contention is meritless as employers are prohibited from retaliating against employees for asserting FLSA claims.  *See* 29 U.S.C. § 215(a)(3).  Moreover, an employee's voluntary decision to terminate his own employment does not convert a claim capable of review into one that is so inherently transitory that it would evade review no matter who asserted it.  *See Brooks*, 59 F.3d at 1120-21 (holding that the issues in the case were not inherently of a short duration and that they evaded review only because of voluntary acts of both parties; merely being "*theoretically* capable of repetition" is insufficient for an exception to the mootness doctrine (emphasis in original)).

[7] To the extent Plaintiff contends that he could possibly reapply and successfully obtain reemployment with Defendant, such a theoretical – and **extremely** unlikely – possibility is insufficient.  *See Brooks*, 59 F.3d at 1120 ("a controversy is not capable of repetition if there is only a mere physical or theoretical possibility of recurrence"); *Feit*, 886 F.2d at 858 (former employee's possibility of reemployment in the future is merely "pure speculation" and "too remote to bring his claims for declaratory and injunctive relief within the 'capable of repetition, yet evading review' exception to the standing doctrine"); *Young v. Walker*, 435 F. Supp. 1089, 1093 (M.D. Fla. 1977) (no exception to mootness doctrine because it was "highly improbable" and "unlikely" that the plaintiff employee would be reemployed).

privilege; and (4) the plaintiff must have a *bona fide, actual, present need* for the declaration. *Norring v. Private Escapes, LLC*, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010). Moreover, "when seeking injunctive and declaratory relief, a plaintiff must establish that he is in immediate danger of sustaining some direct injury." *Feit*, 886 F.2d at 857.  In this case, Plaintiff cannot meet these requirements because he is a *former* employee and his claim is moot.  Therefore, Plaintiff cannot demonstrate that his claim for declaratory relief is "justiciable" or that he has a "present need" for the relief as he is in no "immediate danger of sustaining some direct injury."

## III.   <u>CONCLUSION</u>

Plaintiff fails to plead sufficient facts demonstrating that he is plausibly similarly situated to the purported class/collective members he seeks to represent.  He also fails to plead sufficient facts demonstrating that he is plausibly entitled to any relief from Defendant under Counts II and III of Plaintiff's Amended Complaint as his unjust enrichment claim is preempted by the FLSA and his claim for declaratory relief is moot and fails to state a claim. Therefore, Defendant respectfully requests that the Court dismiss Plaintiff's class/collective allegations and Counts II and III with prejudice as any further amendment would be futile.

Dated this 1st day of June, 2012.

/s/ Mark E. Zelek
Mark E. Zelek
   Florida Bar No. 667773
   *Email: mzelek@morganlewis.com*
Derek J. Dilberian
   Florida Bar No. 36985
   *Email: ddilberian@morganlewis.com*
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
5300 Southeast Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305.415.3303
Facsimile: 877.432.9652 (toll free)

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Carlos V. Leach, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, 14th Floor, P.O. Box 4979, Orlando, FL 32802-4979, this 1st day of June, 2012.

/s/ Mark E. Zelek
Mark E. Zelek