**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDWARD HART, on behalf of himself**
**and those similarly situated,**

    **Plaintiff,**

vs.	CASE NO.:  8:12-CV-00470-JDW-TBM

**JPMORGAN CHASE & CO., a**
**Foreign for Profit Corporation,**

    **Defendant.**                     /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, EDWARD HART, on behalf of himself and those similarly situated, by and through his undersigned attorney, hereby files this Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, and as grounds thereof states:

**INTRODUCTION**

Despite the low pleading burden that the Eleventh Circuit has held to be applicable to cases brought pursuant to the Fair Labor Standards Act ("FLSA"), and the detailed factual allegations made in Plaintiff's Second Amended Complaint ("Complaint"), Defendant argues that same should be dismissed for failure to state a claim.  *See* Defendant's Motion, generally (Doc. 21).  In light of the sufficiency of Plaintiff's allegations, it appears that the thinly veiled purpose of Defendant's Motion is actually to preemptively argue Plaintiff's Motions for Conditional Certification, which is not yet before this Court.  In fact, despite being couched as a Motion to Dismiss, Defendant does not even challenge the sufficiency of Plaintiff's allegations as to the

individual claims. *See* (Doc. 21). Instead, Defendant's entire Motion is devoted to its argument that this case is not ripe to proceed as either a collective (FLSA), because Plaintiff has not proven its entitlement to such relief at the pleading stage in the litigation. *See id.* However, because the vast majority of authority, including virtually every case within the Eleventh Circuit, holds that collective action allegations are not subject to dismissal at the pleading stage, this Court is due to deny Defendant's Motion in its entirety.

Defendant's second argument that Plaintiff's unjust enrichment claim is preempted by the FLSA fails as well. Simply put, Plaintiff's unjust enrichment claim, is not preempted by the FLSA because it is *independent* from the FLSA claim, it is not predicated on a finding that Defendant violated the FLSA, and it seeks separate and distinct remedies that the FLSA does not provide.

Last, Defendant has acknowledged, albeit through a hidden footnote, that this District has held routinely held that Declaratory Relief claims are allowable under FLSA claims, especially when claims are brought on behalf of current employees. Consistent with those decisions, Plaintiff's declaratory relief count, which is brought on behalf of a class of current and former employees, should be allowed to proceed. Consequently, the motion should be denied in its entirety.

**MEMORANDUM OF LAW**

I. **PLAINTIFF HAS SATISFIED THE ELEVENTH CIRCUIT'S MINIMAL PLEADING STANDARD FOR FLSA CASES**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is ... and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus,* 551 U.S. 89, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ( *citing Twombly,* 127 S.Ct. at 1964).

When considering a motion to dismiss for failure to state a claim, the court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1288 (11th Cir.2010) (internal quotation marks omitted). Additionally, a complaint must be liberally

construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *See Twombly,* 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss " 'even if it appears that a recovery is very remote and unlikely.' " *Id.* at 556.

Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Schlinsky v. Action Video Productions, Inc.*, 2010 WL 227910 (S.D. Fla. Jan. 13, 2010), *quoting Sec. of Labor v. Labbe,* 2008 WL 4787133, at *1 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (*citing* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). Here, as discussed below, Plaintiff's Complaint allegations far exceed their pleading burden.

**A.   The Allegations in Plaintiff's Complaint Meet the Eleventh Circuit's Pleading Standard for FLSA Cases.**

In its Second Amended Complaint, Plaintiff alleges that: (1) they were Defendant's employees (*see* Doc. 19 at ¶¶ 5,11, 13,23-26)[1]; (2) Defendant is an enterprise covered by the FLSA (*id.* at ¶¶6-11); and (3) Plaintiff and the putative class members worked time for which Defendant failed to properly compensate them overtime premium

---

[1] Although not required in the Eleventh Circuit, Plaintiff also provided the dates of his individual claim. *See* Doc. 19 at ¶26.

rates (*id.* at ¶¶23-33, 35, 37,48-51). Thus, as this Court has previously recognized, Plaintiff has not only met, but exceeded the Eleventh Circuit pleading standard for a case arising from allegations of unpaid overtime. *See Devia v. Picasso Clothing Care, Inc.*, No. 07-22079-CIV-JORDAN, 2008 WL 4500312 (S.D. Fla. Sept. 30, 2008); *see also Labbe, Schlinsky, supra; Anish v. National Securities Corporation,* 2010 WL 4065433 (S.D. Fla. Oct. 15, 2010).

### B. Defendant's Arguments, Made at the Pleading Stage Are Premature.

While couched as a Motion to Dismiss, Defendant's Motion is really a preemptive Motion to Decertify a Collective Action, before the Plaintiff has had an opportunity to collect the evidence necessary to support its Motion for Conditional Certification. Recognizing that in wage and hour cases, the evidence often needed to support such a Motion is largely in the possession of the employer-Defendant, courts within this Circuit and around the country disfavor such motions to preemptively "decertify" a collective action. *See Nobles v. State Farm Mutual Automotive Insurance Company,* 2011 WL 1131100 (W.D. Mo. March 28, 2011) (denying motion to dismiss off-the-clock collective action claims, similar to those made here); *Nieves v. Insurance Care Direct, Inc.*, 2010 WL 376279 (S.D. Fla. Jan. 25, 2010) (declining to reach merits of case on defendant's motion to dismiss and conditionally certifying collective action); *Kirkland v. Wells Fargo Financial, Inc.*, 2008 WL 5381954 (N.D. Ga. Dec. 22, 2008) (denying "motion to dismiss collective action claims [ ]" at pleading stage, notwithstanding prior decision from another court declining to conditionally certify a similar class); *Puleo v. SMG Property Management, Inc.*, 2008 WL 3889727, at *3 (M.D. Fla. Aug. 20, 2008) (denying motion

to dismiss attacking sufficiency of collective action allegations and noting that, at pleading stage, "mere allegation that other similarly-situated were denied overtime compensation by [defendant] is enough to put [defendant] on fair notice that [plaintiff] may seek conditional certification of a collective action…"); *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435 (E.D. La. Aug. 13, 2010) ("The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for conditional certification and have had no opportunity to develop a record."); *Hasier v. OHC Environmental Engineering*, 2007 WL 2050975 (M.D. Fla. July 13, 2007) (denying motion to dismiss putative collective action at pleading stage "[i]n light of the pleadings and the fairly lenient standard for conditional certification").

Here, Plaintiff has clearly put Defendant on notice that he may seek conditional certification of their claims, once he has collected adequate evidence in support of same. Since, at this early stage, that is all that the courts within the Eleventh Circuit require, Defendant's instant Motion is due to be denied on this basis as well.

    **C.    The Cases Cited by Defendant Are Inapposite, Because They Applied A Different Standard Than Is Applicable to the Instant Motion.**

In support of its Motion, Defendant cites to a combination of cases outside of the Eleventh Circuit. *See* Motion, Doc. 21 at pp. 2-4. Defendant then urges this Court to consider same as persuasive authority on the pending issue. However, inasmuch as the cases outside of the Eleventh Circuit apply a higher pleading standard than the Eleventh Circuit, they are inapposite to this case.

In sum, the cases cited by Defendant apply a higher pleading standard than that which is applicable to the case at bar. Therefore, they are not persuasive authority and

are due to be disregarded for purposes of deciding Defendant's Motion.  Here, because Plaintiffs have met their burden at the pleading stage, as set out by the Eleventh Circuit, Defendant's Motion is due to be denied.

**II.    THE UNJUST ENRICHMENT CLAIM & FLSA**

    **A.    Plaintiff's State Law Unjust Enrichment Claim is not Preempted by the FLSA Because the Two Claims Represent Separate and Distinct Theories of Recovery and the Unjust Enrichment Claim is not Predicated on a Finding of a FLSA Violation.**

A federal statute may preempt state law in three ways: (1) expressly, (2) impliedly, or (3) if there is an actual conflict between a federal and a state law. *See, e.g., Garcia v. Wyeth-Ayerst Labs.,* 385 F.3d 961, 965 (6th Cir. 2004).  Defendant argues that the unjust enrichment claim is preempted by the FLSA because it is based on the same underlying facts and seeks the same relief as the FLSA claims.  Plaintiff's unjust enrichment claim, however, is not preempted by the FLSA because it is independent from its FLSA claim, it is not predicated on a finding that Defendant violated the FLSA, and it seeks separate and distinct remedies that the FLSA does not provide.  Indeed, the unjust enrichment claim seeks seek compensation for the time spent performing work related to opening and closing multiple computer software applications at the beginning and end of their shifts to the extent that these hours can not be captured as part of their overtime claims in Count One, because the addition of these work hours may be less than forty (40) hours within a single work week.  *See* Amended Complaint (Doc. 19) at ¶58. Conversely, the FLSA only provides for unpaid straight time where the unpaid time constitutes overtime hours or results in the employee making below the applicable minimum wage.  Plaintiff's unjust enrichment claim, therefore, is a separate and distinct

claim with separate and distinct remedies from Plaintiff's FLSA claim. Additionally, if successful, the unjust enrichment claim will allow Plaintiff to recover remedies that the FLSA does not—compensation for time spent pre/post-shift during the weeks in which the plaintiffs made at least the applicable minimum wage based on all hours worked and worked less than forty hours per week. Defendant's allegation that Plaintiff's unjust enrichment claims seek overtime compensation is simply wrong. Doc. 21 at 8. As such, Plaintiff's unjust enrichment claim does not seek the same relief as her FLSA claims and is not preempted by the FLSA.

Where the FLSA and state law supplemental claims are independent, most courts, including in the Eleventh Circuit and this District, have held that the state law claim is not preempted. *See Scantland v. Jeffry Knight, Inc.*, 2010 WL 4117683 at p.4 (M.D. Fla. 2010)(Judge Kovachevich denied Defendant's Motion to Dismiss unjust enrichment claims in FLSA case)(citing *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006); *See also Jackson Healthport Technologies, LLC*, 1:11-cv-1687-SCJ (N.D. GA. June 29, 2011)(allowing unjust enrichment claim to proceed where plaintiffs sought time spent working during workweeks where the earned in excess of minimum wage) Order attached as Exhibit "A"; *See, e.g., Carter v. Jackson-Madison County Hospital District*, 2011 U.S. Dist. LEXIS 36163, *30-35 (W.D. Tenn. Mar. 31, 2011) (unjust enrichment claim not preempted by FLSA because it sought separate and independent relief for unpaid work performed during weeks in which employee's total hours did not exceed forty); *Sosnowy v. A. Perri Farms, Inc.,* 2011 U.S. Dist. LEXIS 13702, *30-35 (E.D.N.Y. Feb. 10, 2011) (dismissing plaintiff's unjust enrichment claim nut allowing

him leave to amend to assert unjust enrichment claim independent of the FLSA and acknowledging that unjust enrichment claim not preempted by FLSA if it is not based on a violation of the FLSA); *Monahan v. Smyth Auto., Inc.*, 2011 U.S. Dist. LEXIS 9877, *14-15 (S.D. Ohio Feb. 2, 2011) ("Clearly, unjust enrichment, while possibly based on many of the same facts, is not a claim duplicative of an FLSA claim, as the two do not share the same elements or require the same recovery.  Therefore, the court finds that a claim for unjust enrichment simply does not interfere with or create any obstacles to the FLSA scheme, and the two theories are not in conflict."); *Robertson v. LTS Mgmt. Servs. LLC,* 642 F. Supp.2d 922, 928 (W.D. Mo. 2008) (independent state law claims, including unjust enrichment, were not preempted); *Osby v. Citigroup, Inc.,* 2008 U.S. Dist. LEXIS 39041, *6-7 n.1 (W.D. Mo. May 14, 2008) (unjust enrichment claim not preempted by FLSA because it was based on state law, not the FLSA).

Finally, the FLSA contains a "savings clause," which allows states to enforce wage and hour standards that are stricter than the FLSA.  *See* 29 U.S.C. § 218(a).  The FLSA's savings clause shows that Congress intended to allow state laws to supplement the FLSA.  *See Carter*, 2011 U.S. Dist. LEXIS 36163 at 35; *Monahan*, 2011 U.S. Dist. LEXIS 9877 at *12.  Allowing Plaintiff's state law unjust enrichment claim to proceed is consistent with Congress's intention that state law claims can survive concurrently with FLSA claims.

### III.     THE CLAIMS FOR DECLARATORY RELIEF & MOOTNESS

#### A.     The Declaratory Judgment Act

Pursuant to 28 USCA § 2201(a), in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  *See* 28 U.S.C. § 2201(a).

#### B.     Declaratory Relief in FLSA Cases

The right to declaratory relief in FLSA cases has consistently been recognized by courts throughout the United States.  *See Kreher v. City of Atlanta, Georgia*, 2006 WL 739572 (N.D.Ga. 2006)(Police officers seek additional count for declaratory judgment in addition to overtime claim); *see also Biggs v. Wilson*, 828 F.Supp. 774 (E.D. Cal. 1991); *Tierney v. Schwiker*, 718 F. Supp. 2d. 449, 457 (D.C. Cir. 1983).

In fact, Defendant has even recognized that Middle District of Florida this has consistently allowed claims for declaratory relief count to go forward in similar FLSA cases despite similar arguments from Defendants.  *See Puleo v. SMG Property Management, Inc.,* Case No.: 6:08-cv-86-Orl-22DAB, 2008 WL 3889727 (Fla.M.D. Aug. 2008)(J. Conway); *McAllister v. Southwest Signal Co*., Case No. 8:10-cv-02742 Doc. 12 (M.D. Fla. Jan. 24, 1011)(J. Moody); *Snyder v. Glen Lakes P'shit Ltd.*, 2011 WL 2881843 (M.D.Fla. 2011)(Plaintiff brings his claims on behalf of himself and other similarly situated employees (*current or former*))(emphasis added).

Contrary to Defendant's summation of *Snyder*, Judge Moody clearly held that the declaratory relief count could proceed because it was brought on behalf of current and

former employees. *Snyder*, 2011 WL 2881843 at p.1 (Plaintiff seeks a declaration that Defendant failed to keep accurate time records, which could impact current employees who choose to opt-in to the case; In fact, Judge Kovachevich recently issuing a ruling denying a motion to dismiss an unjust enrichment count based on the same exact argument, that Plaintiff was a *former* employee. *See also Daily v. Beef O'Bradys Palma Ceia, Inc.*, 2011 WL 5360139 (M.D.Fla. 2011). In sum, so long as the declaratory relief count could benefit current employees, it should be allowed.

      **C.**      **Plaintiff has sufficiently stated a claim for Declaratory Relief under the DJA**

Plaintiff has sufficiently stated a claim for declaratory relief under the Declaratory Judgment Act. Count III of the Complaint asks the Court to clarify and settle various legal issues related to the case, including coverage, liquidated damages, and the Defendant's failure to keep accurate records as required by law. *See* Doc. 19 at ¶¶66-74. For the same reasons asserted in the previous section, Plaintiff's Declaratory Relief count serves a purpose to current employees and Plaintiff's current status is irrelevant.

**IV.**    **CONCLUSION**

Plaintiff's Amended Complaint satisfies the minimal pleading standard in FLSA cases. In addition, Plaintiff's claim for unjust enrichment seeks damages that the FLSA can not provide Plaintiff and the class. Therefore, it is not duplicative of the FLSA, not it is preempted. Last, Plaintiff has sufficiently stated a claim for declaratory relief under the Declaratory Judgment Act. For the reasons set forth herein, no basis exists for dismissing any portion of Plaintiff's Complaint.

Dated this 15th day of June, 2012.

                                  **s/ CARLOS V. LEACH**
                                  Carlos V. Leach, Esquire
                                  FBN 0540021
                                  Morgan & Morgan, P.A.
                                  20 N. Orange Ave., 14th Floor
                                  P.O. Box 4979
                                  Orlando, FL 32802-4979
                                  Telephone: (407) 420-1414
                                  Facsimile: (407) 425-8171
                                  Email: CLeach@forthepeople.com
                                  Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 15th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. Zelek, Esquire, and Derek J. Dilberian, Esquire; Morgan, Lewis & Bockius, LLP., 5300 Wachovia Financial Center, 200 South Biscayne Blvd., Miami, FL 33131-2339; Emails: mzelek@morganlewis.com and ddilberian@morganlewis.com; Defense Counsel.

                                  **s/ CARLOS LEACH**
                                  Carlos V. Leach, Esquire