# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDWARD HART, on behalf of**
**himself and others similarly situated,**

> **Plaintiffs,**

**vs.**                                           **Case No. 8:12-cv-00470-T-27TBM**

**JPMORGAN CHASE BANK, N.A.,**
**a foreign corporation,**

> **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint

(Dkt. 21). The Amended Complaint purports to state a collective action against Defendant for

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("**FLSA**") (Count I), unjust

enrichment (Count II),[1] and declaratory relief (Count III). Defendant moves to dismiss the collective

action allegations as well as Counts II and III of the Amended Complaint.

The Amended Complaint contains sufficient factual allegations establishing that Plaintiff and

other employees were similarly situated with respect to both their job requirements and with regard

to their pay provisions. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11ᵗʰ Cir.

2008) (quoting *Dybach v, State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11ᵗʰ Cir. 1991)). In

addition, the Amended Complaint alleges a common policy that impacted Plaintiff and the other

---

[1] District courts have reached differing conclusions as to whether a collective action under the FLSA can be accompanied by a class action asserting state law claims. *See Butler v. Directsat USA, LLC*, 800 F. Supp. 2d 662, 673-74 (D. Md. 2011) (discussing cases).

similarly situated employees. *See Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *4 (N.D. Ill. Jan. 4, 2012) (allegations that other individuals, besides named plaintiffs, were not paid for masonry work they performed sufficiently pled claim under the FLSA's collective action provision); *Anish v. National Securities Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2-3 (S.D. Fla. Oct. 15, 2010) (concluding that allegations, while not overly detailed, were sufficient to state a claim under the FLSA and that arguments related to sufficiency of collective action allegations were premature at motion to dismiss stage of proceeding); *see also Schlinsky v. Action Video Productions, Inc.*, No. 9-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (recognizing that although allegations were not detailed, they sufficed to state a claim under the FLSA).[2]  In sum, the Amended Complaint contains factual allegations sufficient to provide Defendant with fair notice of Plaintiff's claim under the FLSA, including the proposed collective action, and that those allegations, when taken as true, state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Amended Complaint also contains sufficient factual allegations to state a claim for unjust enrichment that is not preempted by the FLSA.  While state common law claims that seek only unpaid overtime compensation or minimum wages that are guaranteed by the FLSA are preempted by federal law, common law claims that seek something other than what the FLSA can provide are not preempted. *See Sanchez*, 2012 WL 13514, at *8 (quoting *Nicholson v. Uti Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *6 (S.D. Ill. Feb. 12, 2010)).

---

[2] Federal courts are divided on what specificity is required when alleging a collective action under the FLSA. *See Nehmelman v. Penn Nat'l Gaming, Inc.*, 790 F. Supp. 2d 787, 795-98 (N.D. Ill. 2011) (discussing liberal and restrictive approaches adopted by other district courts before adopting a minimal pleading standard for simple claims under the FLSA).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD HART, on behalf of**
**himself and others similarly situated,**

    **Plaintiffs,**

**vs.**              **Case No. 8:12-cv-00470-T-27TBM**

**JPMORGAN CHASE BANK, N.A.,**
**a foreign corporation,**

    **Defendant.**

_____/

### ORDER

  **BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint

(Dkt. 21). The Amended Complaint purports to state a collective action against Defendant for

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("**FLSA**") (Count I), unjust

enrichment (Count II),[1] and declaratory relief (Count III). Defendant moves to dismiss the collective

action allegations as well as Counts II and III of the Amended Complaint.

  The Amended Complaint contains sufficient factual allegations establishing that Plaintiff and

other employees were similarly situated with respect to both their job requirements and with regard

to their pay provisions. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir.

2008) (quoting *Dybach v, State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). In

addition, the Amended Complaint alleges a common policy that impacted Plaintiff and the other

---

 [1] District courts have reached differing conclusions as to whether a collective action under the FLSA can be accompanied by a class action asserting state law claims. *See Butler v. Directsat USA, LLC*, 800 F. Supp. 2d 662, 673-74 (D. Md. 2011) (discussing cases).

similarly situated employees. *See Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *4 (N.D. Ill. Jan. 4, 2012) (allegations that other individuals, besides named plaintiffs, were not paid for masonry work they performed sufficiently pled claim under the FLSA's collective action provision); *Anish v. National Securities Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2-3 (S.D. Fla. Oct. 15, 2010) (concluding that allegations, while not overly detailed, were sufficient to state a claim under the FLSA and that arguments related to sufficiency of collective action allegations were premature at motion to dismiss stage of proceeding); *see also Schlinsky v. Action Video Productions, Inc.*, No. 9-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (recognizing that although allegations were not detailed, they sufficed to state a claim under the FLSA).[2]  In sum, the Amended Complaint contains factual allegations sufficient to provide Defendant with fair notice of Plaintiff's claim under the FLSA, including the proposed collective action, and that those allegations, when taken as true, state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Amended Complaint also contains sufficient factual allegations to state a claim for unjust enrichment that is not preempted by the FLSA.  While state common law claims that seek only unpaid overtime compensation or minimum wages that are guaranteed by the FLSA are preempted by federal law, common law claims that seek something other than what the FLSA can provide are not preempted.  *See Sanchez*, 2012 WL 13514, at *8 (quoting *Nicholson v. Uti Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *6 (S.D. Ill. Feb. 12, 2010)).

---

[2] Federal courts are divided on what specificity is required when alleging a collective action under the FLSA. *See Nehmelman v. Penn Nat'l Gaming, Inc.*, 790 F. Supp. 2d 787, 795-98 (N.D. Ill. 2011) (discussing liberal and restrictive approaches adopted by other district courts before adopting a minimal pleading standard for simple claims under the FLSA).

2

In this case, Plaintiff seeks to recover under a theory of unjust enrichment for wages due but not recoverable under the FLSA overtime provisions because the inclusion of the challenged work hours may not in all cases result in the total hours worked in a week exceeding the 40 hour threshold for overtime under the FLSA. *See* Amended Complaint, ¶ 58. *See Nicholson*, 2010 WL 13514, at *6 ("To the extent [plaintiff] seeks pay for 'gap time,' that claim is not cognizable under the FLSA and may survive.").

With respect to Count III, Plaintiff is no longer an employee of Defendant and, therefore, the claim for declaratory relief will become moot absent certification of this case as a collective action. *See McKinney v. Orange County*, No. 6:06-cv-1240-Orl-KRS, 2007 WL 1113254, at *2 (M.D. Fla. Apr. 13, 2007) (claim for injunctive relief was moot when plaintiff was no longer employed by defendant). Generally, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been properly certified. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1041 (5th Cir. 1981). "In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution." *Id.* (citations omitted). Rather that dismiss the claim for declaratory relief at this time, however, the Court will address the propriety of Count III after the issue of collective action certification is resolved. *See Snyder v. Glen Lakes Partnership, Ltd.*, No. 8:11-cv-845-T-30EAJ, 2011 WL 2881843, at *1 (M.D. Fla. July 19, 2011) (refusing to dismiss claim for declaratory relief, but noting "if certification of the collective action is denied, the Court will consider dismissing the declaratory relief claim as superfluous"); *see also Daily v. Beef O'Brady's Palma Ceia, Inc.*, No. 8:11-cv-1935-T-17MAP,

2011 WL 5360139, at *2 (M.D. Fla. Nov. 3, 2011) (dismissing claim for declaratory relief in connection with proposed collective action *after* the sole named plaintiff settled with defendant).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 21) is **DENIED**.

**DONE AND ORDERED** in chambers this ___19th___ day of June, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

4