UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD HART, on behalf of himself and those
similarly situated,

              Plaintiff(s),                    CASE NO. 8:12-cv-00470-JDW-TBM

v.

JPMORGAN CHASE BANK, N.A., a Foreign for
Profit Corporation,

              Defendant.

_____/

## DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Defendant") hereby files its Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint, responding, by corresponding numbers, to each of the numbered paragraphs in Plaintiff Edward Hart's ("Plaintiff") Amended Complaint. For convenience, Defendant uses the same headings used by Plaintiff in his Amended Complaint.

## INTRODUCTION

1.      Defendant admits that Plaintiff is a former employee who purports to bring this action for alleged unpaid overtime under the Fair Labor Standards Act ("FLSA") and that Plaintiff seeks alleged overtime damages, liquidated damages, attorney's fees and costs, declaratory relief, and other unidentified relief under the FLSA. Defendant denies that Plaintiff has incurred any damages, is owed any overtime, and is entitled to any of the relief Plaintiff seeks in this action. Defendant denies the remaining allegations contained in

Paragraph 1 of the Amended Complaint.

2.      Defendant admits that Plaintiff seeks an Order conditionally certifying this case as a collective action to include alleged "similarly situated" "collectors" who allegedly did not receive proper overtime wages within the last three years.  Defendant denies that Plaintiff is "similarly situated" to any "collectors," that Plaintiff and any other alleged "similarly situated" "collectors" did not receive proper overtime wages, and that this action is suitable for collective treatment.  Defendant denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

## JURISDICTION

3.      Defendant admits that Plaintiff has asserted claims in this action under the FLSA and that this Court has jurisdiction, but denies that Plaintiff has an FLSA claim. Defendant denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

## VENUE

4.      Defendant admits that venue is proper in this Court for jurisdictional purposes only as Plaintiff was employed by Defendant in Tampa, Florida, but denies that Plaintiff has a claim or that a claim arose.  Defendant denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

## COVERAGE

5.      Defendant admits that it employed Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendant denies that 2009 is relevant to this action.  The remaining

allegations contained in Paragraph 6 of the Amended Complaint constitute legal conclusions to which no response is required, and are therefore denied.

7.    Defendant admits that it has had gross earnings of at least $500,000.00 annually in 2009-2012, but denies that 2009 is relevant to this action and further denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendant denies that 2009 is relevant to this action but admits the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.    Defendant denies that 2009 is relevant to this action but admits the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.    Defendant admits that it had two or more employees who used telephone and/or computers to place and accept business calls with out of state customers in the normal course of business and that some of its employees contacted in and out of state customers for debt collection.  Defendant denies that 2009 is relevant to this action and denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.    Defendant admits that Plaintiff was an employee of Defendant and that he communicated with out of state customers for debt collection.  The allegation that Plaintiff was "individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1)" constitutes a legal conclusion to which no response is required, and are therefore denied. Defendant denies that 2009 is relevant to this action and denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.    Defendant admits that it possesses records of Plaintiff's reported hours worked and payments made to Plaintiff.  Defendant denies the remaining allegations

contained in Paragraph 12 of the Amended Complaint.

## FACTUAL ALLEGATIONS

13.     Defendant admits that it provides credit card services.  Defendant denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant admits that it is a wholly owned subsidiary of JPMorgan Chase & Co. and admits the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendant admits that it performs debt collection services.  Defendant denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendant admits that it employs individuals in its various departments who may be loosely referred to as "collectors."  Defendant denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendant admits that it employs individuals in its various departments who may be loosely referred to as "collectors" in several states in the United States.  Defendant denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendant admits the allegations contained in Paragraph 21 of the Amended

Complaint.

22.     Defendant admits that some collectors work in call center settings.  Defendant denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant admits that individuals who may be loosely referred to as "collectors" are hourly paid.  Defendant denies the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant admits the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendant admits that Plaintiff was employed as a Collector II, III, and IV – Retail, in the Private Collections department.  Defendant denies the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendant admits that Plaintiff was employed as a Collector II, III, or IV between January 19, 2009 and March 6, 2011.  Defendant denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant admits that individuals who may be loosely referred to as "collectors" are/were paid on an hourly basis.  Defendant denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendant admits that collectors were entitled to be paid for all hours worked for Defendant for which Defendant had reasonable notice.  Defendant denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant admits that Plaintiff opened and closed computer software applications after beginning, and before ending, their work shifts.  Defendant denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendant admits that Plaintiff purports to seek payment for alleged time spent opening and closing multiple software applications at the beginning and end of Plaintiff's and others' work shifts that allegedly resulted in the Plaintiff, and those allegedly "similarly situated," working overtime hours but allegedly not being compensated at a rate of no less than time and one half their regular hourly rate.  Defendant denies that Plaintiff is "similarly situated" to any other individuals, that Plaintiff or any such alleged "similarly situated" individual spent any time before and/or after their shift opening and closing multiple computer software applications, that any such alleged pre-shift and/or post-shift opening and closing of multiple computer software applications resulted in working overtime hours, that Plaintiff or any alleged "similarly situated" individual was not compensated for any such alleged overtime hours, and that this action is suitable for collective treatment. Defendant denies the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The allegations contained in Paragraph 37 of the Amended Complaint constitute legal conclusions to which no response is required, and are therefore denied.

38.     Defendant admits that it is in possession of records relating to Plaintiff's reported hours worked and payments made to Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

## CLASS REPRESENTATIVE ALLEGATIONS

39.     The allegations contained in Paragraph 39 of the Amended Complaint constitute legal conclusions to which no response is required, and are therefore denied.

40.     Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendant admits that it was and is aware of – and was and is in compliance with – FLSA requirements.  Defendant denies the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendant admits that Plaintiff purports to assert this action as a collective action and has alleged a proposed class definition.  Defendant denies that Plaintiff is "similarly situated" to any other individuals, that this action is suitable for collective treatment, that Plaintiff's proposed class definition is workable and/or proper, that a three year statute of limitations applies on the merits or for notice purposes, and that any employees are owed any overtime compensation.  Defendant denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

## COUNT ONE – RECOVERY OF OVERTIME COMPENSATION

48.     Defendant reasserts and incorporates by reference its responses asserted in the previous paragraphs as if fully set forth here.

49.     Defendant admits that Plaintiff worked over forty hours in one or more workweeks while employed with Defendant.  Defendant denies the remaining allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendant admits that Plaintiff opened and closed computer software applications after beginning, and before ending, his work shift.  Defendant denies the remaining allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Amended

Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Amended

Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Amended

Complaint.

**COUNT TWO – UNJUST ENRICHMENT**

54.     Defendant reasserts and incorporates by reference its responses asserted in the

Paragraphs 1-47 above as if fully set forth here.

55.     Defendant admits that this Court has supplemental jurisdiction over Plaintiff's

unjust enrichment claims for jurisdictional purposes only and denies the remaining

allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Amended

Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Amended

Complaint.

58.     Defendant admits that Plaintiff purports to seek compensation for alleged time

spent performing work related to opening and closing multiple computer software

applications at the beginning and end of Plaintiff's and others' shifts to the extent these hours

cannot be captured as part of their overtime claims in Count One because the addition of

these hours may be less than forty hours within a single work week.  Defendant denies that

Plaintiff is "similarly situated" to any other individuals, that Plaintiff or any such alleged

"similarly situated" individual spent any time before and/or after their shift opening and

closing multiple computer software applications, that Plaintiff or any alleged "similarly situated" individual was not compensated for any such alleged time spent opening and closing computer software applications, and that this action is suitable for collective treatment.  Defendant denies the remaining allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

## COUNT III – DECLARATORY RELIEF

61.     Defendant reasserts and incorporates by reference its responses asserted in the Paragraphs 1-47 above as if fully set forth here.

62.     Defendant admits the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendant admits the allegations contained in Paragraph 65 of the Amended Complaint.

66.     The allegation contained in Paragraph 66 of the Amended Complaint constitutes a legal conclusion to which no response is required, and is therefore denied.

67.     The allegation contained in Paragraph 67 of the Amended Complaint

constitutes a legal conclusion to which no response is required, and is therefore denied.

68.     Defendant denies the allegations contained in Paragraph 68 of the Amended

Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Amended

Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Amended

Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Amended

Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Amended

Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Amended

Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Amended

Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Amended

Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Amended

Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Amended

Complaint.

## DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF THE CLASS

78.     Defendant admits that Plaintiff purports to bring this action on behalf of himself and others allegedly "similarly situated" under the FLSA to recover: (i) alleged monetary damages; (ii) alleged liquidated damages; and (iii) alleged relief incident and subordinate thereto, including the costs and expenses of this action, attorneys' fees, and reimbursement of expenses to Plaintiff's counsel.  Defendant denies that Plaintiff is "similarly situated" to any other individuals, that this action is suitable for collective treatment, and that Plaintiff or any alleged "similarly situated" individual is entitled to any of the relief sought by Plaintiff in Paragraph 78, including subparagraphs (a) through (f), of the Amended Complaint.  Finally, Defendant admits that Plaintiff has requested a trial by jury but denies that he is entitled to one.  Defendant denies the remaining allegations contained in Paragraph 78, including all subparagraphs, of the Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter set forth in the Amended Complaint that has not been expressly admitted herein.

## DEFENSES

1.      Plaintiff's Amended Complaint fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, must be dismissed.

2.      Plaintiff has not alleged sufficient facts to justify a class or collective action, and this action is not appropriate for class and/or collective treatment.

3.      Plaintiff's purported class definition is conclusory, vague, insufficient, and improper.

4.      There is no ascertainable class.

5.      A class action is not a superior method of adjudicating this action.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.      All or part of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, unclean hands, laches, and/or consent.

8.      All or part of Plaintiff's claims, and the claims of the alleged "similarly situated" employees, if any, are barred by the doctrine of accord and satisfaction.

9.      Plaintiff's claims are barred to the extent that he failed to mitigate his damages or otherwise avoid harm.

10.      Plaintiff's claims are barred by the Avoidable Consequences Doctrine.

11.      Plaintiff's claims are barred to the extent he worked any unreported hours and did so in violation of Company policy and/or concealed the facts.

12.      To the extent that Plaintiff and/or members of the putative class have executed agreements to arbitrate that encompass claims alleged in the Amended Complaint, their claims are barred by their contractual agreement to arbitrate.

13.      If Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA.  Thus, a three-year statute of limitations would not be warranted.

14.      Plaintiff's damages are limited by the provisions of the FLSA.

15.      Plaintiff has sustained no damages or, if any, de minimis damages, which are

not actionable.

16.     If Plaintiff is able to show a violation of the FLSA, which is denied, Defendant is entitled to a set-off for paid wages.

17.     Plaintiff was timely paid overtime wages for all hours worked in excess of 40 hours in each workweek.

18.     If Plaintiff is able to show a violation of the FLSA, which is denied, Defendant is entitled to use the fluctuating work week method of calculating any overtime wages due.

19.     While Defendant denies that Plaintiff worked uncompensated overtime, it pleads alternatively that his claims should be offset by personal time he spent on the clock for which he was compensated.

20.     If Plaintiff proves that Defendant acted in violation of the FLSA, which is denied, such action was not willful or reckless, but rather in good faith and based upon a reasonable belief that such action was not a violation of the FLSA.  Thus, liquidated damages would not be warranted.

21.     Plaintiff has failed to exhaust all internal and administrative remedies/preconditions.

22.     Plaintiff's unjust enrichment claims are preempted.

23.     Plaintiff's unjust enrichment claims fail because Defendant had no knowledge of the alleged benefits.

24.     Plaintiff's unjust enrichment claims fail because Defendant did not voluntarily accept the alleged benefits.

25.     Plaintiff's unjust enrichment claims fail because it would be inequitable for Defendant to pay for the alleged benefit under the circumstances.

26.     Plaintiff's unjust enrichment claims fail because Defendant has made payment for any and all benefits conferred.

27.     Plaintiff's claims for declaratory relief are moot.

28.     Plaintiff lacks standing.

29.     Plaintiff's claims for attorneys' fees and costs are unwarranted.

30.     Plaintiff's claims for declaratory and/or injunctive relief fail as there is an adequate remedy at law.

31.     Plaintiff's claims violate due process and constitute an excessive fine.

32.     An award against Defendant for damages and other relief/penalties would be unjust, arbitrary, oppressive, and/or confiscatory.

33.     Defendant reserves the right to assert additional defenses and affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant its costs and fees and any other relief as the Court deems appropriate.

Dated this 9th day of July, 2012.          /s/ Mark E. Zelek
                                           Mark E. Zelek
                                              Florida Bar No. 667773
                                              *Email: mzelek@morganlewis.com*
                                           Derek J. Dilberian
                                              Florida Bar No. 36985
                                              *Email: ddilberian@morganlewis.com*
                                           Morgan, Lewis & Bockius LLP
                                           Attorneys for Defendant
                                           5300 Southeast Financial Center
                                           200 South Biscayne Blvd.
                                           Miami, FL 33131
                                           Telephone: 305.415.3303
                                           Facsimile: 877.432.9652 (toll free)

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court

by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Carlos

V. Leach, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, 14th Floor, P.O. Box 4979,

Orlando, FL 32802-4979, this 9th day of July, 2012.

                                           /s/ Mark E. Zelek
                                           Mark E. Zelek